IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| QBE INSURANCE CORPORATION, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 12-cv-00054-KD-C |
| WHISPERING PINES CEMETERY, LLC; QUEEN PETTWAY; CARLISS EATON; ROSIE MAY ABRAMS; COURTNEY VASHAY ABRAMS, JERMAINE ABRAMS, TAMARA MARTIN, and LESESTER WILLIAMS, | § § § § § | |
| Defendants. | § | |

## DEFENDANTS' MOTION FOR STAY

COME NOW Defendants Queen Pettway, Carliss Eaton, Rosie Mae Abrams, Courtney Vashay Abrams, and Jermaine Abrams and move this Court to Stay this action. This action should be stayed until the Court resolves a soon-to-be-filed motion to remand an improvidently removed state-court garnishment proceeding that, if remanded, will resolve the coverage issue that QBE Insurance Corp. ("QBE") attempts to raise in this declaratory judgment action. As grounds for this motion, these Defendants show as follows:

1. This matter is a declaratory judgment action where QBE is seeking an order of this Court that it does not owe indemnity coverage to its insured relating to gross mismanagement of a cemetery in Mobile County, Alabama.

2. On April 11, 2012, a Mobile County Circuit Court entered a default judgment in the amount of $2,500,000 against QBE's insured, Whispering Pines Cemetery, LLC.

3.      Subsequently, the Abrams Defendants filed a post-judgment garnishment proceeding against Defendant Whispering Pines Cemetery, LLC and named QBE as the garnishee.

4.      On July 5, 2012, QBE filed a notice of removal of the Abrams Defendants' state-court garnishment proceeding. *Rosie May Abrams, Courtney Vashay Abrams, and Jermaine Abrams v. QBE Ins. Co.*, Civil Action No. 2012-432-KD-C ("Abrams Garnishment Proceeding").

5.      On July 9, 2012, Plaintiff QBE filed a Motion to Consolidate the Abrams Garnishment Proceeding with this matter, stating, "the two actions involve identical common questions of law and facts concerning the application of insurance coverage and other issues." QBE Motion to Consolidate ¶ 15.

6.      On today's date, the Abrams Defendants filed an objection to QBE's Motion to Consolidate.

7.      The Abrams Defendants are in the process of preparing a motion to remand and supporting brief stating why the Abrams Garnishment Proceeding was improperly removed and must be remanded back to the Circuit Court of Mobile County, Alabama. Contrary to QBE's assertion in its notice of removal, the Abrams Garnishment Proceeding is <u>not</u> a new action.

> The plaintiff **in any pending action** for the recovery of money or the plaintiff or assignee in any judgment on which execution can issue **may obtain process of garnishment** as defined in Section 6-6-370; **provided, that no garnishment shall issue prior to a final judgment**, pursuant to this section..., unless there is a showing that such garnishment is necessary because of extraordinary circumstances.

2

§ 6-6-390, Ala. Code 1975. (emphasis added). In *Orrox Corp. v. Orr*, 364 So.2d 1170, 1172 (Ala. 1978) the Supreme Court of Alabama held "garnishment is an ancillary proceeding <u>and not an original suit</u>." (Emphasis added.) *See also Rice v. State Farm Fire & Cas. Co.*, 628 So.2d 582, 583 (Ala. 1993) ("A post-judgment garnishment proceeding is an ancillary proceeding seeking satisfaction of a prior judgment, not an original civil suit" (citations omitted)); *Olson v. Field Enterprises Educational Corp.*, 45 Ala. App. 438, 441 (Ala. Civ. App. 1970) ("Garnishment is an ancillary proceeding, not an original civil suit"). The Abrams Garnishment Proceeding is ancillary and auxiliary to the underlying suit which was pending long before the filing of this Declaratory Judgment Action. Additionally, Whispering Pines Cemetery, LLC, the defendant in the garnishment proceeding, is an Alabama corporation, so there is an absence of complete diversity.

8. Because the Abrams Garnishment Action is due to be remanded to State Court, a parallel state court case is pending with questions of law and fact common and identical to those in this action.

9. In this scenario, these Defendants would respectfully request that this action be stayed and, ultimately, dismissed for several reasons including the doctrine of abstention.

10. The Abrams underlying state court action was filed on November 12, 2009. QBE did not file this declaratory judgment action until January 27, 2012. Therefore, and because the Abrams Garnishment Proceeding is a proceeding ancillary to and part of the Abrams underlying state court action and not an original suit, the Abrams state court action was the first-filed action by several years.

11.     Under the doctrine of abstention, formally recognized by the United States Supreme Court in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941), a federal court may elect to abstain from exercising its jurisdiction in a case pending before it by dismissing that case when a parallel state court case is also pending. In *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), the Supreme Court confirmed the discretionary standard governing a district court's determination of whether to dismiss or stay a federal declaratory judgment action during the pendency of parallel state court proceedings, stating: "[D]istinct features of the Declaratory Judgment Act...justify a standard of vesting district courts with greater discretion in declaratory judgment actions..." *Id.* at 286.

In *Wilton*, the Supreme Court explained:

> "[T]here is nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court" to hear a declaratory judgment action.... By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.... In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to consideration of practicality and wise judicial administration.

*Wilton*, 515 U.S. at 288 (citations and footnote omitted). "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Brillhart v. Excess Ins. Co of America*, 316 U.S. 491, 495 (1942).

In *Ameritas Variable Life Ins. Co., v. Roach*, 411 F.3d 1328 (11 Cir. 2005), the Eleventh Circuit held:

> The Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Wilton,* 515 U.S. at 287, 115 S.Ct. 2137 (citations omitted). It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so. *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). In fact, in cases such as this, the Supreme Court has expressed that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties *Id.* at 495, 62 S.Ct. 1173. The Supreme Court has warned that "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Id.* This warning should be heeded.

*Ameritas* 411 F.3d at 1330.

12. The doctrine of abstention is especially appropriate in this case to promote judicial efficiency because the state-court judge who will decide the garnishment proceeding is already well-aware of the facts in the underlying case. In the underlying case, Whispering Pines Cemetery, LLC and its former co-defendants argued numerous motions before the state-court judge including two motions for summary judgment wherein a voluminous amount of evidence was submitted for the state-court judge's review. Familiarity with these facts will be crucial to deciding QBE's coverage challenges, so judicial efficiency will be best served by having the coverage questions decided by the state-court judge who is already familiar with the facts. It "would be uneconomical as well as vexatious for [this] federal court to proceed in [this] declaratory judgment suit." *Ameritas,* at 1330.

13. In sum, these Defendants respectfully request the Court enter a temporary stay in this declaratory judgment action until after the resolution of the jurisdictional issues in the Abrams Garnishment Action. If the Court grants the Abramses' motion to remand, these Defendants will argue on the merits that the above-cited authorities and others support dismissal of this action or at least a stay pending resolution of the state-court garnishment proceeding. Those questions are not ripe until the jurisdictional remand question is decided, so these Defendants respectfully request this interim stay.

WHEREFORE, Defendants Queen Pettway, Carliss Eaton, Rosie Mae Abrams, Courtney Vashay Abrams, and Jermaine Abrams respectfully request this Court to Stay this action until the determination of Defendants' motion to remand the Abrams Garnishment Proceeding, Civil Action No. 2012-432-KD-C.

        CUNNINGHAM BOUNDS, LLC
        Attorneys for Defendants/Counterclaimants
        Queen Pettway, Carliss Eaton, Rosie Mae Abrams,
        Courtney Vashay Abrams and Jermaine Abrams

BY: _____
        J. BRIAN DUNCAN, JR. (DUNCJ6198)
        DAVID G. WIRTES, JR. (WIRTD6693)
        CUNNINGHAM BOUNDS, LLC
        Post Office Box 66705
        Mobile, AL 36660
        (251) 471-6191
        (251) 479-1031 (facsimile)
        jbd@cunninghambounds.com
        dgw@cunninghambounds.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2012, I served a true and correct copy of the foregoing pleading upon the parties listed below via E-Mail and/or U.S. Mail, first class postage pre-paid and properly addressed as indicated below:

Stewart L. Howard, Esq. *(via e-mail and U.S. Mail)*
Keith B. Franklin, Esq.
Kimberly L. Bell, Esq.
Stewart Howard, P.C.
Post Office Box 1903
Mobile, Alabama  36633

S. Joshua Briskman, Esq.
Briskman & Binion, P.C.
P.O. Box 43
Mobile, AL 36601

WHISPERING PINES CEMETERY, LLC *(via U.S. Mail)*
305 North Dearborn
Mobile, Alabama  36603

J. BRIAN DUNCAN, JR.