IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| QBE INSURANCE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 12-0054-KD-C |
| ) | |
| WHISPERING PINES CEMETERY, LLC, ) | |
| QUEEN PETTWAY, CARLIS EATON, ) | |
| ROSIE MAY ABRAMS, COURTNEY ) | |
| VASHAY ABRAMS, JERMAINE ABRAMS, ) | |
| TAMARA MARTIN, and LESESTER ) | |
| WILLIAMS, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This declaratory judgment action is before the Court on the motion for stay filed by defendants Queen Pettway, Carlis Eaton, Rosie Mae Abrams, Courtney Vashay Abrams and Jermaine Abrams; their renewed motion to stay; and plaintiff QBE Insurance Corporation's responses (docs. 30, 32, 34, 35, 38).  Upon consideration and for the reasons set forth herein, the defendants' motion to stay is DENIED.

Background

QBE issued a Commercial General Liability policy to defendant Whispering Pines Cemetery, LLC.  Defendants Queen Pettway and Carlis Eaton; Rosie May Abrams, Courtney Vashay Abrams, and Jermaine Abrams; and Tamara Martin and Lesester Williams filed three separate lawsuits in the Circuit Court of Mobile County, Alabama, against their co-defendant Whispering Pines[1] as a result of its failure to keep adequate burial records and mishandling of remains.  QBE seeks a declaratory judgment that it does not owe any coverage or other obligations

---

[1] Defendants also sued two funeral homes.  However, plaintiff QBE seeks declaratory judgment only as to its alleged insured Whispering Pines (doc. 1, Complaint for Declaratory Judgment).

including a duty to defend under the policy issued to defendant Whispering Pines as to any of the lawsuits.

After this declaratory judgment action was filed, the Abrams family obtained a default judgment in the amount of $2,500,000.00 in their state court action against Whispering Pines. They garnished QBE as Whispering Pines' insurance carrier. QBE removed the garnishment to this Court. *Abrams v. QBE Insurance Corporation*, Civil Action No. 1:12-00432-KD-C (S.D. Ala. 2012). The Abrams family moved to remand the garnishment action.[2] QBE filed a motion to consolidate the garnishment action with this declaratory judgment action. Pettway-Eaton's and Martin-Williams' actions remain pending in the state court. The Abrams family, Pettway and Eaton have filed a motion to stay pending resolution of the motion to remand.

Analysis

The Abrams, Pettway and Eaton move this Court to abstain from deciding QBE's declaratory judgment action on basis that abstention would promote judicial efficiency and prevent interference with the disposition of the state court litigation. They argue that this action should be stayed because the motion to remand the Abrams' garnishment action is due to be granted and when that action is remanded to the state court, there will be a parallel state court action pending with questions of law and fact that are common and identical to this action.

QBE responds that the motion to remand is due to be denied and therefore, the motion to stay should be denied. QBE argues that there is no parallel state court action pending. QBE argues that the motion to remand the Abrams' garnishment action has not been granted and the two remaining state court actions filed by Pettway-Eaton and Martin-Williams do not include QBE as a party and do not involve issues of QBE's obligations under Whispering Pines' insurance policy.

To the extent that defendants move this Court to stay this action solely because the motion to remand is pending in the removed garnishment action and they believe it is due to be granted, the motion is denied. The interests of justice would not be served by staying this action. The purpose

---

[2] As of this date, the Court has not ruled upon the motion to remand.

of a declaratory judgment action is to "settle actual controversies" such as QBE's obligations under the policy issued to Whispering Pines.  *St. Paul Fire and Marine Ins. Co. v. Town of Gurley, Ala.*, 2012 WL 3637690, *7 (N.D. Ala. Aug. 22, 2012) ("It must be remembered, however, that the purpose of the Declaratory Judgment Act is 'to settle "actual controversies" before they ripen into violations of law or a breach of some contractual duty.'") (quoting *Hardware Mutual Casualty Co. v. Schantz,* 178 F.2d 779, 780 (5th Cir.1949)).

To the extent that defendants move the Court to stay this action based on abstention principles, this Court has recently explained that

> in declaratory judgment actions, the lack of a parallel state court proceeding does not  necessarily mean that abstention should be denied. The standard for abstention is different in declaratory judgment cases than it is in "coercive" cases. Federal courts are more likely to abstain from hearing a declaratory judgment action based on the standards articulated in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), and their progeny than they are to abstain from hearing a coercive action based on the standards set forth in *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800 (1976), and its progeny.  . . .
>
> The Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)  (citations omitted). It gives federal courts the ability to make a declaration of rights, but it does not impose a duty to do so. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). Under the Declaratory Judgment Act, district courts have "unique and substantial discretion" to decide whether to take action and declare the rights of interested parties. *Wilton*, 515 U.S. at 283, 115 S.Ct. 2137. The Eleventh Circuit has outlined nine factors that a district court may consider in determining whether to accept or decline jurisdiction under the Declaratory Judgment Act when a related state action is pending:
>
> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of

3

>"procedural fencing"— that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
>
>(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
>(6) whether there is an alternative remedy that is better or more effective;
>
>(7) whether the underlying factual issues are important to an informed resolution of the case;
>
>(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
>(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.
>
>See Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330–1331 (11th Cir.2005). This list of factors is neither absolute nor exclusive, and no "one factor is controlling." See Great Lakes Reins. (UK) PLC v. TLU Ltd., 298 F. App'x 813, 815 (11th Cir .2008). Indeed, the Court has no obligation to consider each and every factor on the list and is free to consider any other factors it deems relevant or significant. See id. at 81516. The Eleventh Circuit has "upheld a district court's refusal to assert jurisdiction where the district court had considered only two of the factors[.]" See id. at 815.

New Hampshire Insurance Co. v. Hill, 2012 WL 1598155, *1-2 (S.D. Ala. May 7, 2012).

After *Brillhart,* "courts in this Circuit have long recognized that they have discretion to 'decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties[,]'" *i.e.*, a parallel state court action. *State Farm Fire and Cas. Co. v. Knight,* 2010 WL 551262, *2 (S.D. Ala. Feb. 11, 2010) (citation omitted); *Pennsylvania National Mutual Cas. Ins., Co. v. King*, 2012 WL 280656 (S.D. Ala. Jan. 30, 2012). The Eleventh Circuit has explained that "when federal and state proceedings involve substantially the same parties and substantially the same issues" they are sufficiently parallel. *Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004) (addressing the *Colorado River* abstention analysis); *see Scottsdale Ins. Co. v. Detco Industries,*

4

*Inc.*, 426 F. 3d 994, 997 (8th Cir. 2005) ("For purposes of *Wilton* abstention analysis, '[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums.'").

The Abrams' garnishment action to which QBE is a party-garnishee has not been remanded to the state court. Although defendants raise their arguments as to why the motion for remand is due to be granted, this Court will not pre-judge the propriety of remand because that issue is now pending before U.S. Magistrate Judge William E. Cassady. Also, QBE is not a party to the Pettway-Eaton or the Martin-Williams' state court actions. Therefore, it does not appear that the issue of QBE's obligations to Whispering Pines is pending in those actions. Thus, there is no parallel state court action with substantially the same parties litigating substantially the same issues. *State Farm*, 2010 WL 551262, at *2 ("State Farm is not a party to the Underlying Action. The coverage issues animating the declaratory judgment action have not been joined in the Underlying Action. . . . [T]he state court action will neither resolve the parties' dispute in its entirety nor obviate the need for further proceedings in the declaratory judgment action.") (footnotes omitted).

Although QBE is not a party, the remaining state court actions are arguably related actions. *See New Hampshire*, 2012 WL 1598155, at *3 (collecting cases). In that circumstance, some courts have addressed the *Ameritas* factors. *Id*. However, the "courts have shown marked reluctance to exercise their discretion to stay or dismiss the declaratory judgment action" where the actions are related but not parallel. *State Farm,* 2010 WL 551262, at *3. One line of authority has found that without a parallel state court action, the court's broad discretion under *Wilton* is narrowed. *Id.* Alternatively, some courts have looked at the "extent of similarity between the pending state court and the federal court cases." *Id.*

With that in mind, the Court finds that upon applying the relevant *Ameritas* factors, the interests of federalism, comity, and efficiency weigh in favor of denying the motion to stay. First, the state's interest is not strong in that the insurance coverage issues raised here are based on a

5

contractual relationship between an insured and its insurer. *Philadelphia Indem. Ins. Co. v. AGCO Corp.*, 2011 WL 2652139, *3 (N.D. Ga. July 6, 2011) ("Although Georgia law will control interpretation of the Policy, Georgia does not have a particularly strong interest in deciding the coverage issues properly and exclusively before a federal court.")  Factors two through five do not weigh in favor a stay.  Any judgment entered by this Court would not "settle the controversy", *i.e.*, Whispering Pines' liability to the family members, or clarify the legal relations at issue in the state action.  Also, nothing before the Court indicates that QBE is using the declaratory judgment action for procedural fencing.  Declaratory judgment actions in federal courts are commonly used to determine an insurance company's obligations under an insurance policy.  Moreover, because the issue of coverage is not before the state courts, a decision by this Court would not improperly encroach upon the state court's jurisdiction or create friction between the courts. *See Essex Ins. Co. v. Foley*, 2011 WL 290423, *3 (S.D. Ala. Jan. 27, 2011) ("Stated in terms of *Ameritas* guideposts, it does not appear that adjudicating Essex's declaratory judgment action would in any way encroach on the state proceedings or cause friction between federal and state judiciaries. If anything, the opposite is true, as a definitive ruling by this Court about whether Essex has a duty to defend or indemnify Water's Edge in the Underlying Action may facilitate disposition of those state court proceedings by eliminating uncertainty as to Essex's duties owed to Water's Edge.")

      The sixth, seventh and eighth factors do not weigh in favor of a stay. QBE seeks a declaration that no coverage is available for the tort and breach of contract claims made in the underlying actions because of the funeral services exclusion, the contractual liability exclusion or other exclusions in the policy and because there has not been an occurrence as defined in the policy.  Neither party indicates that an alternate remedy exists which would adequately resolve the claims.  Also, the underlying factual issues in the state court actions may overlap with the factual issues in this declaratory judgment action but that does not form a basis for granting the motion to stay. *See*

*Philadelphia Indem.,* 2011 WL 2652139, at *3 ("[T]he mere potential for overlap of certain facts does not demand abstention where the parties and issues are not identical."); *id.*, at *4 ("[I]t is rare that an insurance coverage declaratory judgment action does not involve overlapping facts with the underlying tort action, yet such declaratory judgment actions deciding coverage routinely coexist with state-court litigation concerning liability.") (citation and internal quotations omitted). Although the underlying actions have been pending longer in the state courts such that those courts may have heard and addressed some of the factual allegations and legal issues, that does not place the state trial courts in a better position since the issue of coverage is not pending in the state courts.

Finally, there may be a "close nexus" between state law or public policy and the underlying factual and legal issues arising from the mishandling of human remains. However, those issues are not before this Court and do not weigh in favor of granting the motion to stay.

**DONE** and **ORDERED** this the 26th day of September, 2012.

 s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**