IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **QBE INSURANCE CORPORATION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO. 12-0054-KD-C** |
| | ) | |
| **WHISPERING PINES CEMETERY, LLC,** | ) | |
| **QUEEN PETTWAY, CARLIS EATON,** | ) | |
| **ROSIE MAY ABRAMS, COURTNEY** | ) | |
| **VASHAY ABRAMS, JERMAINE ABRAMS,** | ) | |
| **TAMARA MARTIN, and LESESTER** | ) | |
| **WILLIAMS,** | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| **ROSIE MAE ABRAMS, COURTNEY** | ) | |
| **VASHAY ABRAMS, and JERMAINE** | ) | |
| **ABRAMS,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 12-0432-KD-C** |
| | ) | |
| **QBE INSURANCE CORPORATION,** | ) | |
| | ) | |
| Garnishee/Defendant. | ) | |

**ORDER**

These actions are now before the Court on the following motions: The motion to consolidate filed by plaintiff/garnishee defendant QBE Insurance Corporation (doc. 7, Civil Action No. 12-0432-KD-C; doc. 27, (Civil Action No. 12-0054-KD-C)) and the responses in opposition (docs. 8, 29); and the petition to certify denial of the motion to remand for interlocutory appeal filed by plaintiffs Rosie Mae Abrams, Courtney Vashay Abrams, and Jermaine Abrams (doc. 24, Civil Action No. 12-0432-KD-C) and QBE's response in opposition (doc. 28, *id*). Upon consideration and for the reasons set forth herein, the motion to consolidate is DENIED and the petition to certify an interlocutory appeal is DENIED.

Background

QBE issued a Commercial General Liability policy to Whispering Pines Cemetery, LLC. Queen Pettway and Carlis Eaton; Rosie May Abrams, Courtney Vashay Abrams, and Jermaine Abrams; and Tamara Martin and Lesester Williams filed three separate lawsuits in the Circuit Court of Mobile County, Alabama, against Whispering Pines.  They allege in general that Whispering Pines failed to keep and maintain adequate records of the locations where their respective family members are buried.  In this action, QBE seeks a declaratory judgment that it does not owe any coverage or defense to Whispering Pines.  Defendants answered and counterclaimed for declaratory relief.  QBE and Martin and Williams have filed their respective motions for summary judgment

After the declaratory judgment action was filed, the Abrams family members obtained a default judgment in the amount of $2,500,000.00 in their state court action against Whispering Pines.  They garnished QBE as Whispering Pines' insurance carrier.  QBE removed the garnishment to this Court.  QBE filed a motion to consolidate the garnishment action with the declaratory judgment action. The Abrams family moved to remand the garnishment action.  The report and recommendation to deny the motion to remand was adopted as the opinion of the Court. The Abrams family now petitions this Court to certify an interlocutory appeal of the decision to deny the motion to remand.  Pettway-Eaton's and Martin-Williams' state court actions against Whispering Pines remain pending in the state court.

Analysis

Motion to consolidate

Rule 42(a) of the Federal Rules of Civil Procedure codifies the district court's "inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir.1995) (citation and internal quotations omitted).The Rule provides the district court with authority to consolidate "[w]hen actions involving a common question of law or fact are pending before the court." Fed. R. Civ. P. 42(a).  The authority under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d

2

1160,1168 (11th Cir.1995) (citation omitted).  In deciding whether to consolidate, the district court must consider the risk of prejudice and confusion against the risk of inconsistent decisions on the common factual and legal questions and the time, expense, and burden on the parties, witnesses, and judicial resources should the actions proceed separately.  *Hendrix v. Raybestos-Manhattan, Inc*., 776 F. 2d 1492, 1495 (11th Cir. 1985).

QBE filed its declaratory judgment action seeking a declaration that it owes no coverage or defense to its insured Whispering Pines because of exclusions in the policy.  QBE raises substantially the same argument in defense of the garnishment.  Although common questions of fact and law may exist in these actions, the Court finds that there is little risk of prejudice, confusion, or inconsistent decisions in that both actions are pending before this Court and neither are set for jury trial.  Additionally, discovery has concluded and summary judgments have been filed in the declaratory judgment action while the garnishment action is now subject to a motion for interlocutory appeal of the decision denying the motion to remand. Accordingly, the motion to consolidate is DENIED.

<u>Petition for interlocutory appeal</u>

The Abrams family argues that there is a controlling question of law as to the decision to deny the motion to remand.  Specifically, the issue of whether "*Erie* deference require this Court to honor and apply Alabama's statutory law creating garnishment as ancillary process of a court before which an action for damages is pending or in which a judgment has been entered, and thereby recognize that the this Court has neither original nor removal jurisdiction." (Doc. 24, p.1) They assert that an immediate appeal would materially advance the ultimate termination of the litigation. They also assert that there is substantial ground for difference of opinion as to whether federal courts should defer to state substantive law when deciding whether an action may be removed.

The Abrams family moves for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) which provides in relevant part as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in

writing in such order.

28 U.S.C. § 1292(b).

"An order denying a motion to remand, 'standing alone', is 'not final and [immediately] appealable' as of right." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74, 117 S. Ct. 467 (1996) (quoting *Chicago, R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 578, 74 S. Ct. 290, 293 (1954)). An interlocutory appeal pursuant to 28 U.S.C. § 1292(b) which presents an issue to the appellate court before final judgment is not preferred but instead is reserved for exceptional cases. *Caterpillar, Inc., 519* U.S. at 74. First, there must be a "controlling question of law", which is defined as a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *McFarlin v. Conseco Services, LLC*, 381 F. 3d 1251, 1257-1258 (11th Cir. 2004). The parties do not dispute that the question presented is a question of law which does not require factual analysis.

Second, there must be "substantial ground for difference of opinion". *Id.*, at 1258. The *McFarlin* court explained that "we have held that a question of law as to which we are in 'complete and unequivocal' agreement with the district court is not a proper one for § 1292(b)" and thus not one which provides a "substantial ground for difference of opinion." *Id*. In *Webb v. Zurich Ins. Co.*, 200 F.3d 759 (11th Cir. 2000), Webb was injured at a shopping mall. She sued in state court and obtained a default judgment against the mall. Webb then garnished the mall's insurance carrier Zurich and it removed the garnishment action to federal court. Webb moved to remand and the motion was denied. Zurich's motion for summary judgment was granted and Webb appealed. In its decision, the Eleventh Circuit stated as follows:

> Webb filed a writ of garnishment against Zurich in Alabama state court. Zurich removed the case to federal court alleging that the garnishment proceeding were a separate and independent cause of action with diversity of the parties. A magistrate judge correctly denied Webb's motion to remand the case. *See Butler v. Polk,* 592 F. 2d 1293 (5th Cir. 1979) (garnishment actions brought post-judgment to collect a judgment are separate civil actions that are removable).

*Webb*, 200 F. 3d at 760.

The *Webb* decision may not indicate "complete and unequivocal agreement with the district court" because the issue of whether the magistrate judge erred in denying Webb's motion

4

to remand was not the issue addressed on appeal. *McFarlin*, 381 F. 3d 1258.  Nonetheless, the Eleventh Circuit plainly stated that the "magistrate judge correctly denied Webb's motion to remand the case." *Webb*, 200 F. 3d at 760.

Third, the decision on the question certified for appeal should "materially advance the ultimate termination of the litigation".  *McFarlin*, 381 F. 3d 1259.  The *McFarlin* court explained that this "means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *Id*.  Since resolution of the controlling legal question appears likely to result in an affirmance of the decision to deny the motion to remand, *see Webb*, 200 F.3d at 760, resolution of that question would not serve to avoid a trial or substantially shorten the litigation.[1]

The petitioners have not met their burden to establish the exceptional circumstances necessary for this Court to certify an interlocutory appeal.  Accordingly, the petition to certify the denial of the motion to remand for interlocutory appeal is DENIED.

**DONE** and **ORDERED** this the 22nd day of February, 2013.

> **s / Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

---

[1] Additionally, in Civil Action No. 12-0432-KD-C, the issue of coverage, *i.e*., whether QBE owes Whispering Pines a duty to defend and indemnify, is the same issue to be determined in Civil Action No. 12-0054-KD-C, the declaratory judgment action.  Thus, litigation would not be shortened by an interlocutory appeal.