IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| QBE INSURANCE CORPORATION, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 12-0054-KD-C |
| | ) | |
| WHISPERING PINES CEMETERY, LLC, | ) | |
| *et al.*, | ) | |
|     Defendants. | ) | |

**ORDER**

This matter is before the Court on the Joint Motion to Vacate Doc. 90 and Motion to Dismiss, as filed by Plaintiff QBE and Defendants Tamarra Martin and Lesester Williams (Docs. 109-111); and Defendants Queen Pettway and Carliss Eaton's Response thereto (Doc. 112).[1]

**I.    Background**

This was case was initiated on January 27, 2012 when QBE filed a Complaint for Declaratory Judgment against Whispering Pines and three families (the Abrams, Martin/Williams, and Pettway/Eaton). Relative to certain claims filed by Pettway/Eaton in the Circuit Court of Mobile County, Alabama (CV 11-902361), QBE sough a declaration that it owed no coverage or

---

[1] The remaining defendants filed no response. Additionally, for clarification, there were two orders on summary judgment issued February 25, 2013. (Docs. 90, 91). The order that QBE and Martin/Williams seek to vacate is the order on Martin/Williams' motion for summary judgment. (Doc. 90) Pettway/Eaton cite to Doc. 90 in their opposition (Doc. 112 at 2). In the Court's Order (Doc. 90 at 10), the undersigned concluded, as to the Funeral Services Exclusion, that:

> QBE has failed to meet its burden to show that the [Funeral Services Exclusion] applies to the claims alleged in Martin and Williams' complaint. Thus, QBE has a duty to defend Whispering Pines in the underlying state court action filed by Martin and Williams.

The Court then declined "issuing a declaratory judgment as to coverage for Martin and Williams' underlying action until such time as the action is resolved." (Id. at 10-11). QBE moved the Court to reconsider this decision but the motion was denied. (Doc. 104).

The order Pettway/Eaton attached to their opposition is the order denying QBE's motion for summary judgment (Doc. 91); in that Order, the Court found QBE had not met its burden to show that the Funeral Services Exclusion applied "to the claims alleged in the families' complaints and thus QBE is not entitled to summary judgment." (Id. at 11).

other obligations under the Commercial General Liability Policy issued to Whispering Pines, as the "Funeral Services Exclusion" applied and precluded liability on the part of QBE. (Doc. 1). At the time of summary judgment, the Abrams family had obtained a default judgment in their favor in Circuit Court, but the Martin/Williams and Pettway/Eaton families had cases pending. The Abrams family, Whispering Pines, and QBE settled their claims in mediation and that part of the declaratory judgment action was dismissed with prejudice. (Doc. 103). This Court granted in part Martin/Williams motion for summary judgment (Doc. 90), finding that QBE had a duty to defend Whispering Pines but declined to issue a declaratory judgment as to coverage until the underlying action was resolved. QBE settled with Martin/Williams; they now jointly move to vacate summary judgment order Doc. 90 (Doc. 109), and dismiss pursuant to Rule 41(a)(2) (Doc. 110).

The instant relief sought is for this Court to vacate the order granting Martin/Williams' motion for summary judgment and then dismiss with prejudice all of the claims/counterclaims between Martin/Williams, QBE and Whispering Pines -- leaving the action pending only as to Pettway/Eaton. (Docs. 109, 110). As grounds, QBE and Martin/Williams assert "[t]hat as part of the terms of such settlement, the parties thereto agree to consent to withdrawal of this Court's Order (Doc. 90) granting summary judgment in favor of Tamarra Martin and Lesester Williams[,]" (Doc. 109 at 1). QBE and Martin/Williams assert further that no party will be prejudiced by vacating the order and dismissing this action as to Martin/Williams. Pettway/Eaton have filed an opposition (Doc. 112), asserting that their state court action is still pending and that:

> This Court's February 25, 2013, Order holds that the Funeral Services Exclusion in Whispering Pines' policy with QBE does not apply to the claims made against Whispering Pines by two other Defendants in this Declaratory-Judgment action, Tamarra Martin and Lesester Williams, who were Plaintiffs in their own action against Whispering Pines.

(Doc. 112 at 1).[2] Pettway/Eaton contend that this Court's order "may establish the law of the case"

---

[2] Pettway/Eaton do not appear to object to the dismissal of Martin/Williams' claims but only to vacating the
(Continued)

and provide "persuasive authority" on the issue of coverage for Pettway/Eaton which they should be allowed to cite in the state court action as authority that is "directly on point." Pettway/Eaton also argue that QBE asked for the declaratory judgment as to coverage and should not now be allowed to have the order stricken or vacated because it does not like the result. They add that QBE may be motivated to vacate this order to then "re-fight the issue of applicability of the Funeral Services Exclusion" in the Pettway/Eaton action. Subsequently, counsel informally notified the Court that QBE and Pettway/Eaton reached an agreement on the motion to vacate, requesting that the Court allow the motion to remain pending until said defendants' claims are resolved in state court.

## II. Discussion

### A. Joint[3] Motion to Vacate

The aforementioned parties move for vacatur on the fact that they have settled, and as part of that settlement, Martin/Williams consent to withdrawal of the Court's prior order (i.e., a condition of said settlement is that the summary judgment order be vacated). Additionally, it appears the parties base vacatur on the assertion that the orders granting summary judgment are interlocutory and as such, are subject to revision or modification by the Court at any time before final decree.

Pursuant to Fed.R.Civ.P. 60(b), a district court may "relieve a party or a party's legal representative from a final judgment, order, or proceeding" for a number of reasons. While the movants do not assert pursuant to what rule they seek to vacate the Court's prior judgment (Rule 60(b) or otherwise), it appears that the motion is filed under Rule 60(b)(6)[4] for "any other reason that justifies relief." However, "[c]ourts are not obliged to vacate a prior order at the behest of the

---

order on summary judgment.

[3] Joint, as filed by Plaintiff and Defendants Tamarra Martin and Lesester Williams.

[4] The parties have not asserted any of the Rule 60(b)(1-5) grounds.

3

parties in order to facilitate settlement … if courts were required to vacate prior rulings after settlement 'any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books.'" Reynolds v. Allstate Ins. Co., 2012 WL 4753499, *1 (N.D. Cal. Oct. 4, 2012). Moreover, even though a final judgment was not entered -- such that this Court has the authority to revisit its summary judgment rulings[5] -- case law indicates that the mere fact of a settlement is not necessarily a valid (or exceptional) reason to vacate a Court's prior order. Furthermore, the decision to vacate a prior order or ruling once a settlement has been reached remains discretionary.

The U.S. Supreme Court has explained as follows, regarding the propriety of a motion to vacate, noting the need for "exceptional" circumstances:

> We hold that mootness by reason of settlement does not justify vacatur of a judgment under review. This is not to say that vacatur can never be granted when mootness is produced in that fashion. As we have described, the determination is an equitable one, and exceptional circumstances may conceivably counsel in favor of such a course. It should be clear from our discussion, however, that those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur-which neither diminishes the voluntariness of the abandonment of review nor alters any of the policy considerations we have discussed. Of course even in the absence of, or before considering the existence of, extraordinary circumstances, a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal Rule of Civil Procedure 60(b)."

U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership, 513 U.S. 18, 29 (1994).[6] The parties seeking

---

[5] United States v. Benz, 282 U.S. 304, 306-308 (1931) ("The general power of the court over its own judgments, orders, and decrees, in both civil and criminal cases, during the existence of the term at which they are first made, is undeniable.")

[6] The "principal condition" to which courts look when engaging the vacatur calculus is "whether the party seeking relief from the judgment below caused the mootness by voluntary action." Id. at 24. Vacatur is ordinarily appropriate when mootness results from vagarious circumstance or the unilateral act of the prevailing party. Id. at 25. When mootness stems from a settlement, however, the presumption is different, as in that situation, "the losing party has ... surrender[ed its] claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by [the losing party's] own choice." Id. The presumption, therefore, is that the judgment previously obtained should remain intact. Id.

See also e.g., Evans v. Mullins, 130 F.Supp.2d 774, 776 (W.D. Va. 2001) (providing that "[w]hile it is true that there is a strong policy in favor of encouraging settlements, that interest is not necessarily served by granting vacatur pursuant to the settlement agreement … Judicial economy is not achieved where … the time and resources attendant to bringing a trial to fruition have already been spent, only to be undone because the parties have settled at the end of the
(Continued)

vacatur have failed to cite any case law supporting vacatur under the present circumstances, much less allege or establish extraordinary circumstances to permit vacatur of the Court's summary judgment ruling. Moreover, the Court finds that the equitable remedy of vacatur is not available under the circumstances of this case, particularly as "[t]he fact that a party conditions a settlement on achieving vacatur does not by itself provide the needed equitable circumstances. Such a rule would essentially remove the decision from the court and hand it to the parties, in violation of the *U.S. Bancorp* rule." In re Admetric Biochem, Inc., 300 B.R. 141, 148 (Bkrtcy. D. Mass. 2003). Further, as to the public interest concerns, the parties "rolled the dice" with respect to their motions for summary judgment; to the extent they now endeavor to change the outcome via settlement, vacatur (versus, for example, an appeal) is an improper vehicle for such relief. Bancorp, 513 U.S. at 26, 28. See, e.g., In re Hiller, 179 B.R. 253, 259-260 (Bankr. D. Colo. 1994). Upon consideration, the motion (Doc. 109) is due to be denied.

### B. Joint[7] Motion to Dismiss

The aforementioned parties also move pursuant to Rule 41(a)(2) to dismiss with prejudice

---

day …'[s]ome litigants, at least, may think it worthwhile to roll the dice rather than settle in the district court ... if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur.' *U.S. Bancorp* …. 513 U.S. at 28 … In other words, if post-judgment vacatur were a readily available option, parties would be less likely to settle at earlier stages of the controversy. Thus, the parties' interest in the private settlement of their dispute is not strong in this case, because of the disincentive their position creates for prejudgment settlements[]"). See also e.g., Norfolk Southern Ry. Co. v. Brampton Enterp., LLC, 2009 WL 249811, *1 (S.D. Ga. Feb. 2, 2009) (concluding, in response to the parties seeking to vacate the summary judgment order due to a settlement, that "the Parties have not demonstrated extraordinary circumstances that would justify this Court vacating its prior judgment … the Parties' only basis for relief under Rule 60(b)(6) is that the finality of their settlement agreement is predicated on this Court vacating its prior judgment. That basis, however, is woefully insufficient[]"); Gulfstream Aerospace Corp. v. Camp Sys. Int'l, Inc., 2007 WL 2469577, *2 (S.D. Ga. Aug. 30, 2007) (emphasis in original) (noting that "Gulfstream does not even explain *why* it seeks vacatur, other than the mere fact that it negotiated the right to do so and now professes that its "continuing concern over the Orders is evident …" … Concern about what? Both opinions are in the public domain (one is unpublished, but anyone can find it on the Court's public docket), so entering a formal order vacating them at most would be a symbolic act. Symbolic acts, like advisory opinions, should play no part in the federal judicial process. If all vacatur does is salve a wounded ego, that would not advance the public's interest. Granting Gulfstream's motion here, for that matter, would only create a precedent for more such motions-thus wasting more judicial resources[]").

[7] Joint, as filed by Plaintiff and Defendants Tamarra Martin and Lesester Williams.

QBE's claims against Defendants Whispering Pines Cemetery, LLC, Tamarra Martin, and Lesester Williams – as well as any counterclaim or other claims these parties have or had against QBE in this action, with prejudice, each party to bear her, his, or its own costs. (Doc. 110). It appears that the grounds for dismissal are based (again) upon the settlement reached by these parties – and upon the presumption that this Court will vacate the prior summary judgment ruling: "Plaintiffs hereby consent to withdrawal by the United States District Court…of those certain Orders entered…denying QBE….Motion for Summary Judgment and granting the Motion for Summary Judgment of Tamarra Martin and Lesester Williams." (Doc. 111-1 at 2 (Settlement Agreement)). Under Rule 41(a)(2), this Court has discretion to dismiss and specify the terms of that dismissal.[8] This Court has already ruled upon the motions for summary judgment. Based on the settlement agreement, this Court's agreement to the proposed Rule 41(a)(2) dismissal would vacate the rulings on the summary judgment motions. Upon consideration, the Court finds that the parties' motion to dismiss (Doc. 110) is due to be denied.

### III. Conclusion

Accordingly, it is **ORDERED** that the Joint Motion to Vacate Doc. 90 (Doc. 109) and Joint Motion to Dismiss (Doc. 110), filed by QBE, Tamarra Martin and Lesester Williams, are **DENIED**.

**DONE** and **ORDERED** this the **18th** day of **February 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[8] Rule 41(a)(2) provides: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."