IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| QBE INSURANCE CORPORATION, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION NO. 12-0054-KD-C |
| WHISPERING PINES CEMETERY, LLC, QUEEN PETTWAY, CARLIS EATON, ROSIE MAY ABRAMS, COURTNEY VASHAY ABRAMS, JERMAINE ABRAMS, TAMARA MARTIN, and LESESTER WILLIAMS, | ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on QBE Insurance Corporation's Motion to Vacate Orders at Doc. 90 and 91 and the parties' Joint Motion to Dismiss Claims. (Docs. 115, 116)

I. Background

On January 27, 2012, QBE Insurance Corporation (QBE) filed a Complaint for Declaratory Judgment against Whispering Pines Cemetery LLC, Queen Pettway, Carlis Eaton (Pettway/Eaton), Rosie May Abrams, Courtney Vashay Abrams and Jermaine Abrams (the Abrams Family) and Tamara Martin and Lesester Williams (Martin/Williams). Defendants, except for Whispering Pines, answered and counterclaimed against QBE. (Docs. 12, 15)

QBE sought a declaration that it owed no coverage, defense, or other obligation under the Commercial General Liability Policy issued to its insured Whispering Pines in regard to the state court actions brought by the other defendants in this action. (Doc. 1)

In February 2013, this Court granted in part Martin/Williams motion for summary judgment. (Doc. 90) The Court decided that QBE had failed to meet its burden to show that the funeral services exclusion applied to the claims alleged by Martin and Williams against Whispering Pines in their state court complaint and that QBE had a duty to defend its insured

Whispering Pines in that action. The Court declined to issue a declaratory judgment as to coverage for Martin and Williams' claims until the state court action was resolved.

Also in February 2013, the Court denied QBE's motion for summary judgment. (Doc. 91) The Court decided that QBE had failed to meet its burden to show that the funeral services exclusion applied to the claim alleged in the underlying state court actions. The Court also decided that the state court judge's factual findings supported an "occurrence" and not an expected or intended injury which would be excluded and that there was at least a question of fact whether the Abrams' recovery for outrage was covered under the policy.

In March 2013, QBE moved the Court to reconsider its decisions. (Doc. 96) The Abrams family, Eaton/Pettway, and Martin/Williams opposed the motion. (Docs. 99, 100) The motion for reconsideration was denied on April 1, 2013. (Doc. 104)

At the time of summary judgment, the Abrams family had obtained a default judgment in the state court, but the Martin/Williams and Pettway/Eaton state court actions were pending. In March 2013, the Abrams family, Whispering Pines, and QBE settled their claims in mediation and that part of the declaratory judgment action was dismissed with prejudice. (Doc. 103)

In September 2013, QBE reached a settlement agreement with Martin/Williams. (Doc. 111-1, p.1-2) As part thereof, Martin/Williams consented to the withdrawal of the order granting partial summary judgment in their favor and the order denying QBE's motion for summary judgment. (*Id*., p. 2) In January 2014, QBE and Martin/Williams jointly moved to vacate the order granting summary judgment in their favor (doc. 90), but not as to the order denying QBE's motion for summary judgment, and also moved to dismiss all claims and counterclaims among them and Whispering Pines. (Docs. 109, 110) Defendants Pettway/Eaton filed an opposition. (Doc. 112) The motion to vacate and motion to dismiss were denied. (Doc. 113)

In March 2014, QBE reached a settlement agreement with Pettway/Eaton. (Doc. 115) As part of the agreement, Pettway/Eaton consented to the withdrawal of the two orders on summary judgment. (Doc. 115, p. 13) QBE now moves the Court to vacate these orders. (Doc. 115) Also,

QBE, Martin/Williams, and Pettway/Eaton jointly move the Court to dismiss with prejudice all claims and causes of action among all parties including Whispering Pines. (Doc. 116)

II. Motion to Vacate

QBE moves the Court to vacate two non-final orders on motion for summary judgment. Rule 54 applies to judgments and paragraph (b) provides as follows:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ.P. 54(b).

This action involves more than one claim for relief and multiple parties. When the orders on summary judgment were entered, the parties did not move the Court to direct entry of final judgment and the Court did not make the express determination that there was no just reason for delay. Therefore, the orders fall under the last sentence of the Rule, as an "order or decision" that "adjudicates fewer than all the claims or rights and liabilities of fewer that all the parties" that did not end the action. Thus, the non-final orders "may be revised at any time before entry" of a final judgment adjudicating all claims and liabilities in the action. Fed. R. Civ. P. 54(b).

In order to revise or vacate, the Court must reconsider its decision. In that regard, the Eleventh Circuit Court of Appeals has explained that "[r]econsideration of a summary judgment denial is appropriate to correct manifest errors of law or fact" and that the district court's decision upon review of its interlocutory order will be reversed only for abuse of discretion.[1]

---

[1] *Region 8 Forest Service Timber Purchasers Council v. Alcock*, 993 F. 2d 800, 805-806 (11th Cir. 1993) ("[W]hen reviewing a district court's disposition of a motion for reconsideration
(Continued)

*Herman v. Hartford Life & Acc. Ins. Co.,* 508 Fed. App'x 923, 927–28 (11th Cir.2013); *see also Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 569 (11th Cir.1990), (discussing the granting of a second motion for summary judgment after denial of the first motion and explaining that three ground justify reconsideration of a summary judgment motion "'(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice.'") (quoting *Kern–Tulare Water Dist. v. City of Bakersfield,* 634 F.Supp. 656, 665 (E.D.Cal.1986)).

The Eleventh Circuit also explained that "Rule 60(b) provides the reasons a district court may relieve a party from a final judgment, order, or proceeding. A denial of summary judgment is technically an interlocutory, rather than a final order, because it does not constitute a controversy's final resolution. . . . Yet our research indicates that a district court's authority to revise interlocutory orders—e.g., a denial of summary judgment—comes from Rule 54(b)[.] . . . Although Rule 54(b) does not delineate the parameters of a district court's discretion to reconsider interlocutory orders, we have at least indicated that Rule 54(b) takes after Rule 60(b)." *Herman,* 508 Fed. App'x at 928 n.1 (citing *Fernandez,* 906 F.2d at 569) (reviewing a district court's grant of a motion to reconsider a denial of summary judgment as if it were a Rule 60(b) motion)). Rule 60(b), provides in relevant part, as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).[2]

---

after final judgment, we have consistently stated that the decision to grant such relief is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion. . . . We see no reason to apply a different standard when the party seeks reconsideration of a non-final order.")

[2] The Rule also provides for relief based upon "(1) mistake, inadvertence, surprise, or excusable (Continued)

4

In support of its motion, QBE argues that this Court misplaced its reliance upon the "exceptional circumstances" test from *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnerships*, 513 U.S. 18, 29, (1994) to deny the prior motion to vacate. (Doc. 115, p. 6) QBE also argues that since the orders on summary judgment were interlocutory, and not final, neither the exceptional circumstances test nor Rule 60(b) apply, but instead the Court may use its discretionary, equitable powers to vacate under Rule 54(b). (Doc. 115, p. 7)

QBE also points out that when counsel for QBE discussed appeal of the non-final summary judgment orders at the pretrial conference, the Court suggested that as part of their settlement, the parties could concede QBE's motion for reconsideration of the orders for the purpose of asking the Court to withdraw the opinions, and the Court could then grant the motion for reconsideration and withdraw the opinions. QBE took from this discussion, that if all three cases settled, the Court would look favorably upon a motion to vacate and that because the Court indicated a willingness to vacate the orders, this "exercise of discretion . . . communicated to the parties justifies the Court's exercising such discretion now to grant the present motion to vacate." (doc. 115, p. 8) QBE argues that equity weighs in favor of vacatur because the Court suggested the method of seeking vacatur, there is limited precedential value to the orders, the parties have consented to vacatur, and ending the litigation saves judicial resources.

At the final pretrial conference, the following discussion occurred:

> The Court: Well, what you could do, as part of your settlement, you could get them to agree, to concede your motion for reconsideration for the purpose of asking the court to withdraw the opinion; you know, for me to grant the motion for reconsideration, and then y'all have settled so that - - - and grant the motion for reconsideration, withdraw the opinion, and then there's nothing out there.

---

neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; [and] (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." These grounds do not apply.

> [QBE Counsel]: Well, except for the fact that we've got the other two cases.
>
> [Pettway/Eaton Counsel]: We represent other plaintiffs. It would put us in a conflict position. We can't do that.
>
> The Court: So this is not a settlement conference for a big - - -
>
> [Pettway/Eaton Counsel]: It was originally ordered, but [QBE Counsel] takes the position only as to the Abrams.
>
> The Court: All right. It was just a thought for a possible resolution.

(Doc. 101, Unofficial Transcript at page 14-15 (sealed)).

Despite QBE's argument that Rule 60(b) does not apply, Eleventh Circuit precedent indicates that the Court may follow the Rule 60(b) analysis when addressing a motion for relief from a non-final order. In that regard, QBE's motion to vacate appears to fall under paragraph (6), and that the "other reason that justifies relief" is that as part of the parties' settlement agreements, defendants agreed to concede to withdrawal of the orders on summary judgment.

At the pretrial conference on March 7, 2013, the Court suggested that the vacatur of the orders on summary judgment could occur in a global settlement by all defendants conceding the pending motion for reconsideration. (*Id.*) At this point, the Court could have granted reconsideration of the orders, hence making the previous summary judgment orders ineffective, and allowed the parties to settle, thus mooting the motions for summary judgment.

The global settlement did not occur, the non-movants did not concede the motion to reconsider, and the Court denied the motion to reconsider on April 1, 2013. (Doc. 104) Nine months later, on January 23, 2014, after two of the cases had settled (the Abrams family and Martin/Williams), QBE requested vacatur of the summary judgment order as to Martin/Williams, believing that the Court had suggested this procedure.[3] That motion was denied. Now that the remaining defendants have settled (Pettway/Eaton), QBE has filed a second motion to vacate, this time asserting that both orders on summary judgment should be vacated. QBE again

---

[3] QBE informed the Court of its belief when it filed the second motion to vacate. (Doc. 115) QBE made no mention of this in the first motion to vacate. (Doc. 109)

expressed its belief that the Court suggested this procedure as a resolution of this action.

The Court finds that there is no basis to vacate the orders. While the summary judgment orders are subject to revision, that should only occur as a result of actual error or at least, when the Court needs to consider additional law or facts.[4] Otherwise, the Court's resources would be wasted on issuing advisory opinions.

Moreover, there is no "manifest injustice" to QBE if the Court does not vacate the orders on summary judgment. QBE specifically recognized the limited precedential value and that granting its motion would not remove the orders from legal research databases. (Doc. 115, p. 9) Also, Martin/Williams' motion for summary judgment was granted in part only as to whether QBE had a duty to defend Whispering Pines. (Doc. 90) In that regard "[w]hile ruling on the motion for partial summary judgment is the law of the case on the issues decided, this ruling is not immutable and has no res judicata effect." *United States v. Horton,* 622 F.2d 144, 148 (5th Cir.1980) (per curiam) (citing *Travelers Indemnity Co. v. Erickson's, Inc.,* 396 F.2d 134, 136 (5th Cir.1968).  "The doctrine of law of the case is not inflexible; the earlier ruling, which is not res judicata, may be reconsidered in the interest of judicial economy." *Id.*  However, the Court finds that judicial economy will not be served by reconsideration of the orders on summary judgment. Therefore, the Court declines to exercise its discretion to vacate the non-final orders and the motion to vacate is denied.

   III. Joint Motion to Dismiss

The parties move pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure "to dismiss with prejudice all claims and causes of action between QBE, Whispering Pines Cemetery, LLC, Tamara Martin, Lesester Williams, Queen Pettway, and Carlis Eaton", with each party to bear their own costs. (Doc. 116) As grounds for dismissal, the parties state that they

---

[4] The parties have not advised the Court of any change in controlling law, new evidence or expanded factual record.

have settled all claims in the underlying state court actions. Also, the parties expressed their intention that the motion to dismiss "shall not impact the Court's ability to rule upon the motion to vacate prior to ruling upon the present motion." (Doc. 116, p. 2)

The Court has now ruled upon QBE's motion to vacate. Under Rule 41(a)(2), this Court has discretion to dismiss "on terms that the court considers proper."[5] Therefore, upon consideration, the joint motion to dismiss is granted (doc. 116) and this action is dismissed with prejudice with each party to bear their own costs.

IV. Conclusion

For the reasons set forth herein, QBE's Motion to Vacate is DENIED and the Joint Motion to Dismiss is GRANTED.

**DONE** and **ORDERED** this the 27th day of June 2014.

                                        **s / Kristi K. DuBose**
                                        **KRISTI K. DuBOSE**
                                        **UNITED STATES DISTRICT JUDGE**

---

[5] Rule 41(a)(2) provides as follows: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."